474

## UNITED STATES v. COLUMBIA GAS & ELECTRIC CORPORATION et al.

### No. 1099.

District Court, D. Delaware.

April 6, 1940.

Robert J. Bulkley, of Cleveland, Ohio, Russell Hardy, of Washington, D. C., and Arthur G. Logan (of Logan & Duffy), of Wilmington, Del., for petitioner.

William H. Button and James B. Alley (of Auchincloss, Alley & Duncan), both of New York City, and Daniel O. Hastings (of Hastings, Stockly & Layton), of Wilmington, Del., for Columbia Oil & Gasoline Corporation.

Douglas M. Moffat (of Cravath, de-Gersdorff, Swaine & Wood), of New York City, and Clarence A. Southerland (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for Columbia Gas & Electric Corporation.

Thomas J. Lynch, Sp. Asst. to Atty. Gen., and Stewart Lynch, U. S. Atty., of Wilmington, Del., for the United States.

Edward N. Goodwin, of New York City, and Hugh M. Morris and Edwin D. Steel, Jr., both of Wilmington, Del., for Panhandle Eastern Pipe Line Co.

NIELDS, District Judge.

Motion to dismiss application to become a party for a limited purpose.

In the anti-trust suit of United States v. Columbia Gas & Electric Corporation, Columbia Oil & Gasoline Corporation, and others, a consent decree was entered by this court January 29, 1936. The closing paragraph of the decree provides: " * * * that panhandle Eastern, [Panhandle Eastern Pipe Line Company] upon proper application, may become a party hereto for the limited purpose of enforcing the rights conferred by Section IV hereof."

The sole question raised by the motion to dismiss is whether Panhandle Eastern has made a "proper application" to become a party to this suit. March 23, 1940, a document in the form of an unverified application to become a party was filed. This document is signed "Panhandle Eastern Pipe Line Company By Arthur G. Logan". Immediately below this signature appear "Arthur G. Logan  Logan & Duffy Attorneys for Petitioner, 303 Delaware Trust Building, Wilmington, Delaware". Below and to the left of these signatures the following names of counsel are typed: "Russell Hardy", "Robert J. Bulkley", "Arthur G. Logan".

The propriety of the application to become a party turns upon the terms of the consent decree. By Section III of that decree Gano Dunn was appointed Trustee for the purposes and with the powers and duties set forth in that section. The decree further provides:

"That within 10 days after the entry of this decree Columbia Oil shall transfer all of its stock now owned and thereafter all stock subsequently acquired in Panhandle Eastern, having present or potential voting rights, to said trustee to hold the legal title to said stock and to exercise all the rights and privileges incidental to the absolute ownership thereof upon the following terms and conditions:

"(a) To vote said stock for the election of as many directors of Panhandle Eastern as the number of shares thereof may be entitled to elect; Provided, that one of the directors so elected shall be the trustee; and that the remainder shall be selected from among persons recommended by the beneficial owner of said stock, in conference and with the advice of the trustee, and that, as to the directors so selected, the trustee is empowered to remove and replace such directors with others of his own choosing upon his own motion, if in his judgment such action is necessary in the interest of Panhandle Eastern or for the effectuation of the purposes of this decree; subject, however, in this as well as in the exercise of all other powers to the authority of this Court upon the motion and showing of any party hereto, or upon its own motion, to restrain said trustee from abuses

of sound discretion, in view of the purposes of this decree and the law under which it is entered, or in case said trustee does not act in good faith hereunder;

"(b) To vote said stock upon all other questions and matters in which the stock is entitled to vote, as directed by the beneficial owners thereof, except when such directions are inconsistent with the purposes of this decree."

The business of a corporation is conducted by its board of directors and officers. The control of Panhandle Eastern was vested in the Trustee. He was one of the directors. He shared with Columbia Oil in the selection of the others. He was empowered to remove any of the other directors and replace such directors by others of his own choosing upon his own motion. As the board of directors chose the officers, the Trustee was the final word in the conduct of the business of Panhandle Eastern. This control should be borne in mind in construing paragraph (b) of the decree.

The selection of Gano Dunn as Trustee was made by the Attorney General of the United States as the person best qualified to serve in a very difficult and exacting position from a group of names submitted to him.

Notice of the regular annual stockholders' meeting of Panhandle Eastern to be held March 11, 1940 was duly sent to stockholders. It notified them that the proposed business to be considered at the meeting would be the election of directors for the ensuing year, an amendment of the certificate of incorporation, and such other business as might properly come before the meeting.

Mindful of paragraph (b) of Section III of the decree, Gano Dunn obtained from the executive head of Columbia Oil, the beneficial owner of the stock of Panhandle Eastern held by him, directions as to voting said stock at the annual meeting. March 5, 1940, Don M. Wilson, a vice president of Columbia Oil and acting president, directed Gano Dunn to vote the shares of stock held by him in favor of the amendment to the articles of incorporation proposed by the Board, and as to other matters, excepting the election of directors, to vote said shares "as, in his discretion, seemed best for the interest of Panhandle Eastern Pipe Line Company and generally to support the management; that, in case any matters were presented at the meet-

ing on which he had any doubt as to how to vote, he could adjourn the meeting for a sufficient time to confer by telephone with the representatives of Columbia Oil & Gasoline Corporation". March 8, 1940, the board of directors of Columbia Oil adopted a resolution expressly approving said directions and also approving a letter from Wilson to Dunn containing the following directions:

"Dear Mr. Dunn:

After consultation with you, as Trustee holding the voting stock in Panhandle Eastern Pipe Line Company, which is owned by this Corporation, and with your advice, we recommend the following individuals for your selection as Directors of Panhandle Eastern Pipe Line Company, and request that you elect them as such by vote of the stock which you hold as Trustee:

| | | |
|---|---|---|
| Joseph A. Bower | 165 Broadway | New York City |
| Joe D. Creveling | 90 Broad Street | New York City |
| Gano Dunn | 80 Broad Street | New York City |
| Walter G. Mortland | 37 East 64th St. | New York City |
| Richard C. Patterson, Jr. | 1270 Sixth Avenue | New York City |
| Robert C. Winmill | 1 Wall Street | New York City |

Very truly yours
(signed) D. M. Wilson
Vice President."

Before determining upon the six directors named in the above letter, Columbia Oil in conference with Dunn recommended certain persons as directors and from among the number so recommended Dunn selected the six above named as the six of the nine directors of Panhandle Eastern which the stock beneficially owned by Columbia Oil was entitled to elect.

From the foregoing, it appears that Gano Dunn attended the annual meeting of March 11 girded with his own authority as Trustee, supplemented by all the directions from Columbia Oil that could have been anticipated in the normal course of human events.

March 11, 1940, at the opening of the annual stockholders' meeting, Creveling, President of Panhandle Eastern, took the Chair and called the meeting to order as provided in the by-laws. The Chairman announced the presence of a quorum. Thereupon, Logan, who appeared as a stockholder, moved that Dixon, an associate of Maguire, be made Chairman of the meeting "from this time forward". Creveling declared the motion out of order. Thereupon, Logan took an appeal from the ruling of the Chairman. A vote was taken. Gano Dunn voted to uphold the Chair

while Logan and his associates voted the contrary. Creveling announced that his ruling had been upheld.

Shortly thereafter, Logan moved that Article 11 of the by-laws be amended to read: "The property and business of this corporation shall be managed by its board of directors, consisting of 14 persons."

This drastic action of increasing the number of directors from 9 to 14 was proposed without notice thereof, and evidently with the intent to acquire control of a large and valuable property. The Chairman declared the motion out of order in view of Article 42 of the by-laws, providing that the by-laws may be altered or amended "if notice of the proposed alteration or amendment be contained in the notice of the meeting". An appeal was taken with the same result as in preceding instances.

Motions were made that the Class B stock be not allowed to vote; that officers of the company be chosen by the stockholders; that their salaries be fixed by the stockholders; that Maguire be made president and Tringham treasurer of the company. These motions were disposed of as the others had been. In each instance Dunn voted the majority of the voting stock against the motions, and Logan and his associates voted for the motions.

Hand moved that Panhandle Eastern become a party to the suit of Missouri-Kansas Pipe Line Company and Dammann against the Columbia companies. This motion was similarly disposed of. Hand further moved that the Class A stock of Panhandle Eastern be redeemed. This motion met the same fate.

The following motion concisely states the position of Logan and his associates throughout the meeting: "Mr. President, I now move that this corporation refuse to accept any vote of Mr. Gano Dunn on any question unless he first establishes by competent proof that he has been directed by Columbia Oil and Gasoline Corporation to cast his vote in accordance with the way he may cast it due to the fact that this corporation is aware of the limitation upon his powers."

Later, Hand moved that Panhandle Eastern be directed to bring six suits as suggested in a letter of January 15, 1940 from Missouri-Kansas Pipe Line Company to Panhandle Eastern. The fourth item of this letter was an instruction that Panhandle Eastern intervene in this anti-trust suit by the United States pending in this court. At this meeting a resolution was offered by Hand that Panhandle Eastern be directed to make the present application. Gano Dunn, holding a majority of the voting stock of Panhandle Eastern, voted against the resolution and it was accordingly defeated.

It was further moved: "That this corporation will employ Robert J. Bulkley of Cleveland, Ohio, Russell Hardy of Washington, D. C., and Arthur Logan of Wilmington, Delaware, as its attorneys to take action provided for herein;" and further, "that the officers of this corporation arrange and pay a reasonable compensation to said attorneys for such services."

Thereafter, the meeting adjourned, although as to adjournment Logan objected that Gano Dunn was not qualified to vote without producing before the meeting specific instructions from Columbia Oil.

After adjournment Logan and his associates held a meeting of their own. No quorum was present. Holders of a minority of the stock of Panhandle Eastern, either in person or by proxy, were the only persons present. The motions of Logan and of his associates, defeated at the regular meeting, were resubmitted at the subsequent meeting, and purported to be passed.

March 20, 1940, a special meeting of the Board of Directors of Columbia Oil was held. The Chairman stated that he had received an official stenographic transcript of the proceedings of the annual meeting of stockholders of Panhandle Eastern of March 11, 1940. Upon consideration of those minutes and of the manner in which Gano Dunn, Trustee, had voted the stock in Panhandle Eastern, it was resolved: "That all of the votes and all of the positions taken by said Gano Dunn as Trustee or otherwise at said stockholders' meeting be and the same hereby are in all respects approved, ratified and confirmed".

In construing the language of the consent decree, I find that the votes cast by Gano Dunn were authorized by the powers conferred upon him by the consent decree and that his votes were well within the directions given to him by Columbia Oil. From this finding, it follows that the so-called application filed in this proceeding was not authorized by Panhandle Eastern or by any responsible body having control of said corporation.

The motion to dismiss the alleged application of Panhandle Eastern for leave to become a party hereto and for other relief must be granted for the following reasons:

1. Said application was not authorized by Panhandle Eastern.

2. The attorneys whose names appear on said application as attorneys for Panhandle Eastern were not authorized by that company to act in its behalf in filing such application.

3. Gano Dunn, Trustee, duly voted the shares of stock of Panhandle Eastern on all matters on which he voted at the annual meeting of March 11, 1940, in accordance with provisions of said consent decree, and pursuant to valid directions from Columbia Oil.

An order may be submitted.